IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00680-BNB

PAUL MONTOUR,

    Plaintiff,

v.

RICKY LEIHL, Jefferson County Sheriff's Department, and
CINDY KERRIGAN, Aromark Foods Supervisor c/o J.C.S.D.,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Paul Montour, initiated the instant action on March 14, 2013, by submitting *pro se* a Prisoner Complaint (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

    Magistrate Judge Boyd N. Boland reviewed the documents and determined they were deficient.  On March 15, 2013, Magistrate Judge Boland entered a minute order (ECF No. 4) noting that neither document made clear whether Mr. Montour was incarcerated, and allowing Mr. Montour fifteen days in which to clarify in writing (1) whether or not he currently was incarcerated, and (2) the current address where he resided.  The minute order warned Mr. Montour that if he failed to do so within the time allowed, the action would be dismissed without further notice.  Magistrate Judge Boland directed the clerk of the Court to mail copies of the minute order to Mr. Montour at both addresses he had provided.

On April 2, 2013, Mr. Montour filed a response indicating he was homeless, providing a Denver address where he received his mail, and noting that he had been released from incarceration on February 8, 2013.  Therefore, on April 4, 2013, Magistrate Judge Boland entered an order (ECF No. 8) directing Mr. Montour to cure certain enumerated deficiencies in the case within thirty days if he wished to pursue his claims.

The April 4 order pointed out that Mr. Montour failed to submit either the $350.00 filing fee or a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form, i.e., the form used by nonprisoners.  Because he was not incarcerated, Mr. Montour's obligation to pay the filing fee must be determined, like any nonprisoner, solely on the basis of whether he qualifies for *in forma pauperis* status.  See *Whitney v. New Mexico*, 113 F.3d 1170, 1171 n.1 (10th Cir. 1997); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 612-13 (6th Cir. 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1138-39 (6th Cir. 1997); *McGann v. Commissioner, Soc. Sec. Admin.*, 96 F.3d 28, 29-30 (2d Cir. 1996).  Therefore, to cure this deficiency, he either could have submitted a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 or elected to pay the $350.00 filing fee to pursue his claims in this action.

The April 4 order also pointed out that Mr. Montour failed to provide street addresses for all Defendants in the complaint.  The order directed him to obtain and complete the Court-approved forms for filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and an amended Prisoner Complaint, along with the applicable instructions, at www.cod.uscourts.gov, and use those forms in curing the designated deficiencies within thirty days.  The April 4 order noted that if Mr. Montour

failed to cure the designated deficiencies within the time allowed, the complaint and the action would be dismissed without further notice. On April 8, 2013, one of the Defendants, through counsel, submitted an answer (ECF No. 9) to the complaint.

On April 18, 2013, Mr. Montour filed a document again notifying the Court that he was homeless and received mail at the address he previously provided on April 2. However, he failed to cure the designated deficiencies within the time allowed. Therefore, the action will be dismissed without prejudice for Mr. Montour's failure to cure the designated deficiencies as directed within the time allowed.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Montour files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Paul Montour, to cure the deficiencies designated in the order to cure of April 4, 2013, within the time allowed. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   14th   day of     May        , 2013.

BY THE COURT:


　　s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court